In the Matter of the Estate of AUGUSTUS J. BROWN, Deceased.

Surrogate's Court, New York County, August 3, 1926.

**Executors and administrators — motion on behalf of incompetent to set aside service of copy of order — attorney had no authority to appear (Surrogate's Court Act, §§ 41, 63, 64; Civil Practice Act, § 1377; rule 15 of Surrogate's Court, New York county) — motion is denied, with costs against attorney personally.**

The motion made to set aside the service of an order of the Appellate Division on an incompetent executor is denied, since it appears that the motion was made by an attorney purporting to represent the incompetent. The attorney not having appeared as attorney for the committee and the incompetent being unable to engage an attorney, his appearance was without right (Surrogate's Court Act, §§ 41, 63, 64; Civil Practice Act, § 1377; rule 15 of Surrogate's Court, New York county) and he must pay the costs.

MOTION to set aside the service on the incompetent executor of certified copy of an order of the Appellate Division.

*Richard M. Page*, for the petitioner.

*Vincent H. Rothwell*, for the motion.

FOLEY, S. In the disposition of this motion a short recital of the facts is necessary. On the 22d day of September, 1877, letters testamentary under the last will and testament of the decedent were issued to Walston H. Brown. He has never accounted. On July 17, 1924, a petition was verified by William A. Evans, as executor of the last will and testament of one Herbert D. Brown, to compel the filing of an account by the executor. A citation was issued accordingly and duly served on the respondent. A motion was then made in this court by an attorney appearing specially for the respondent to vacate the service of the citation in the compulsory accounting proceeding, on the ground that previous to the return thereof application had been made to the Supreme Court to adjudge the respondent an incompetent person. This application was denied, and my colleague, Surrogate O'BRIEN, signed an order on the 10th day of March, 1925, requiring the filing of an account by the executor. This order was appealed from, but was affirmed unanimously by the Appellate Division of this department on the 23d day of October, 1925. (*Matter of Evans* v. *Brown*, 215 App. Div. 675, 676.) The proceeding to have the respondent declared incompetent was not pressed until after the Appellate Division had unanimously affirmed the order of this court for an accounting. The respondent was adjudged an incompetent in February, 1926, but it was not until April that a committee was appointed. On the 20th day of May, 1926, the petitioner

MATTER OF BROWN.                421

Misc. 420]     Surrogate's Court, New York County, August, 1926.

herein served personally upon the incompetent a certified copy of the order of affirmance of the Appellate Division. Prior to the return of the present motion copies of the orders of the surrogate and the Appellate Division were served on the committee of the incompetent respondent.

Vincent H. Rothwell, an attorney who appeared specially for the respondent in the initial proceeding, now applies in the pending motion to set aside the service upon the incompetent of the certified copy of the order of the Appellate Division. His affidavit sets forth the fact, stated above, that the respondent, since the institution of this proceeding, has been adjudged an incompetent. There is no authority disclosed by the moving party for the institution of the present motion by him. The motion is not made on behalf of the committee for the respondent, nor is the service of the orders upon her as committee questioned. There can be no doubt that the adjudication that the respondent was an incompetent person ended his ability to hire or retain counsel. The attorney has no status as a person interested, and is without authority to appear for the respondent. (Surrogate's Court Act, § 64; rule 15, Surrogate's Court, N. Y. County; *Matter of Ring*, N. Y. L. J. Dec. 29, 1914.) He cannot voluntarily assume the relation of attorney for the incompetent. An incompetent in person or an attorney purporting to represent him cannot institute and prosecute a proceeding in this court.

Section 41 of the Surrogate's Court Act prescribes the manner in which this court may acquire jurisdiction over the parties to a proceeding. Section 63 of the Surrogate's Court Act in effect prohibits the appearance of an incompetent in a proceeding such as this, either personally or by attorney. Section 64 of the Surrogate's Court Act provides for the appearance of an incompetent by his committee, or, in default of such appearance, for the appointment of a special guardian by the surrogate to appear for him and to protect his interests. The effect of these statutory requirements is to make applicable to this court the mode and effect of appearance in other courts of record. The provisions of the Civil Practice Act permit an incompetent to bring an action or special proceeding through his committee only (Civ. Prac. Act, § 1377), and to defend an action or proceeding by his committee or guardian *ad litem*. (Civ. Prac. Act, § 208.) In *Matter of Lehmeyer* (122 Misc. 670) a notice of appearance and objections to probate filed on behalf of a non-resident party were stricken out, because the attorney's authority to appear in the proceeding was not properly executed. That case illustrates the necessity of complying with the statutory requirements in the filing of a notice of appearance on behalf of any

party to a proceeding in this court. In the instant case the special appearance by an attorney for the incompetent is wholly unauthorized and of no effect. His activities as a mere intruder on the present application to vacate the service of the certified copy of the order of the Appellate Division on the respondent require the disapproval of the court. His conduct has delayed the accounting to which the beneficiaries of the estate are clearly entitled.

The application to set aside the service of the certified copy of the order of affirmance of the Appellate Division upon the respondent must be denied. In view of the facts set forth above, the denial will be with costs against the moving attorney personally. Submit order on notice.