In the Matter of the Petition of WILLIAM A. EVANS, as Executor, etc., of HERBERT P. BROWN, Deceased, Respondent, to Compel WALSTON H. BROWN, as Executor, etc., of SARAH M. BROWN, Deceased, to Render and Settle His Accounts as Such Executor and Trustee.

EVA R. I. BROWN, as Committee of the Person and Property of WALSTON H. BROWN, an Incompetent, Appellant.

First Department, December 2, 1927.

**Executors and administrators — accounting — committee of person and property of executor properly substituted as party to proceeding.**

In proceedings to compel the filing of an account by an executor and trustee, the court has the power, where it appears that a committee of the person and property of the executor and trustee has been appointed, to substitute the name of the committee as a party to the proceeding and to require the committee to file on behalf of the executor an account of his proceedings as such executor.

The Civil Practice Act and the Surrogate's Court Act comprehend that the committee of an incompetent may be made a party to the proceeding, where the decree may impose a liability against the incompetent's estate.

MCAVOY and PROSKAUER, JJ., dissent.

APPEAL by Eva R. I. Brown from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on or about the 23d day of June, 1927.

The order substituted appellant as committee of the person and property of Walston H. Brown, an incompetent, as respondent in this proceeding in the place of said Walston H. Brown, and directed the appellant within twenty days after the service of the copy of the order to account on behalf of said Walston H. Brown, as executor, etc., of Sarah M. Brown, deceased.

*John W. Collopy, Jr.*, for the appellant.

*Richard M. Page* of counsel [*William H. Page* with him on the brief], for the respondent.

Order affirmed on the opinion of FOLEY, S. Prescn'; — DOWLING, P. J., MERRELL, FINCH, MCAVOY and PROSKAUER, JJ. (MCAVOY and PROSKAUER, JJ., dissent on the ground that the surrogate was without power to substitute the committee of the incompetent and that he should have followed the statutory method set forth in section 64 of the Surrogate's Court Act by designating a special guardian to represent the incompetent.)

The following is the opinion of the surrogate:

FOLEY, S. This proceeding was originally commenced on January 29, 1925, by the service of a supplemental citation to compel

the filing of an account by Walston H. Brown as executor and trustee of the decedent's estate. Similar applications were also made to compel the filing of the accounts of the respondent as executor and trustee in the estates of Augustus J. Brown and Augusta Brown. It will be necessary to recite briefly some of the facts in connection with this matter because of the dilatory tactics of those representing the respondent which have to date defeated the plain rights of the petitioner to the accounting sought. The original petition was verified on July 17, 1924. The delay in commencing the proceeding was occasioned by promises made by the respondent to file his account voluntarily. He was appointed executor of this estate on April 5, 1889, and has never rendered any account of his proceedings as executor or as trustee of the trust created under the will of the decedent. On the return of the citation a special appearance was made in his behalf to vacate the service of the citation on the ground that a commission had been appointed on the day previous to inquire into his competency. This application was denied, and my colleague, Surrogate O'BRIEN, signed an order on March 6, 1925, requiring the filing of an account within twenty days. This order was appealed from and was affirmed on appeal by the Appellate Division of this department. (*Matter of Brown,* 215 App. Div. 675, 676.) No steps were taken in the proceedings to determine the competency of the respondent for a long period after its inception. It was not until April 16, 1926, that the respondent was adjudged an incompetent and his wife, Eva R. I. Brown, appointed the committee of his person and property. After the affirmance by the Appellate Division a motion was made in this court to set aside the service upon the respondent of a certified copy of the order of affirmance. This application was denied by me. (*Matter of Brown,* 131 Misc. 420.) The matter now comes before the surrogate on a motion for an order substituting the committee of the respondent as a party to this proceeding and for an order requiring her to file, on behalf of the respondent, an account of his proceedings as such executor. An application to the Supreme Court for permission to bring this proceeding against the committee was granted by Mr. Justice MAHONEY (*Matter of Evans,* N. Y. L. J. March 11, 1927.) The present application must be granted. The situation here developed is analogous to that contemplated and provided for by section 257 of the Surrogate's Court Act. In view of the general jurisdiction of the surrogate conferred by section 40 of the Surrogate's Court Act and other sections there is ample power in this court to grant the relief here sought. The corpus of this estate has been in the hands of the executor for almost forty years

and the beneficiaries are entitled to an accounting long since. The petitioner would be required to await the death of the executor before he could compel an accounting unless the relief sought by this application is granted. At the present time his committee stands in his place and acts in his behalf and should be substituted as the party respondent in the compulsory accounting proceeding. His removal as executor and trustee and the appointment of a successor would benefit no one. The appropriate sections of the Civil Practice Act and the Surrogate's Court Act comprehend that the committee of an adjudged incompetent may be made a necessary party to a proceeding where the decree may impose a liability against the incompetent's estate. Application granted. Submit order on notice accordingly.