In the Matter of ANDREW D. MORGAN, an Incompetent Person.

Supreme Court, Oneida County, July 16, 1931.

*Schmidt & Petersen*, for the petitioner.

*Dunmore, Ferris & Dewey*, for the committee of the estate.

DOWLING, J.   In 1924 Andrew D. Morgan was adjudged insane and committed to the Utica State Hospital, at Utica, N. Y.   The Citizens Trust Company of Utica was appointed committee of his person and estate.

Mr. Morgan instituted several proceedings for his discharge from the said hospital, in all of which he was unsuccessful until November, 1929, when he was released from said hospital and committed in lieu thereof into the care, custody and control of his wife and his writ for discharge was dismissed.

The Supreme Court, November 13, 1929, revoked the committeeship of the Citizens Trust Company, so far as the custody of Mr. Morgan's person was concerned, and, in its place, appointed his wife, Anna R. Morgan, as committee of his person.   Both committees have continued to act in their respective capacities since that date.

Since November 13, 1929, Mr. Morgan has instituted two proceedings for the discharge of his committees and is " continually planning " for the removal of said committees.

Mrs. Morgan, as committee of the person, retained the applicant, Mr. Frank A. Schmidt, an attorney of Ilion, N. Y., to represent her in said proceedings, and to counsel her relative to his efforts

to be relieved of his committees. She retained Mr. Schmidt entirely upon her own responsibility and without any consultation with the court, or instructions from the court, so far as appears herein.

Mr. Schmidt entered upon his retainer and has rendered advice and service to Mrs. Morgan of the value of $325, and has expended in her behalf the sum of $5.25, making a total of $330.25. He now applies to this court for an order directing the committee of the property of said incompetent to pay him, out of the funds in its hands, $330.25. Mrs. Morgan certifies that, in her judgment, said demand is just and equitable and should be paid. The committee of the property makes no recommendations in respect thereto.

While I have no doubt that Mr. Schmidt furnished services to Mrs. Morgan of the fair value of $325, I am unable to discover any statutory provision, or any decision, to the effect that a committee of the person of an incompetent may employ counsel, without the advice of the court, to resist the incompetent's attempt to remove such committee, and make the expense thereof a charge upon his estate.

The first and primary duty of a committee of the estate of an incompetent is to provide the incompetent with such care and maintenance as his estate would warrant after the payment of debts. (*Matter of Nutting*, 74 App. Div. 468, 471.) " It is the paramount duty of the committee * * * to attend to her personal wants and comforts and to furnish her, so far as the funds in his hands will allow, with not only all the necessaries of life, but all the proper recreation and amusements consistent with her former habit of living. It is his duty likewise to avail himself of medical advice, and all other reasonable means that may tend to the restoration of his ward, or the amelioration of her condition. The care, health and comfort of the lunatic alone are to be considered." (*Matter of Reed*, 18 Misc. 285, 289.) A committee has no right to retain and pay counsel without first obtaining permission of the court. (*Matter of Osgood*, 119 Misc. 251, 255.) If the committee of the property has no power to retain counsel without authorization of the court, manifestly, the committee of the person has no such right.

The committee of the person has no power whatever over the estate of the incompetent. I apprehend that the duties of the committee of the person consist mainly in seeing that the incompetent is suitably housed, clothed and fed; that he has such society, recreation and entertainment as shall be conducive to his welfare and consistent with his estate, and it should be the business of the committee of the person to make every reasonable effort for the restoration of the incompetent. " The duties of the committee of

the person are very' delicate and important; being, says Mr. Shelford, ' to administer all the comfort and amusement the nature of the case, will admit, or the funds of the lunatic afford.' (*Shelf.* 142.) He should be treated with great kindness, and all reasonable means of restoration should be employed; * * * As to the personal control, there should be no capricious domination." (*Matter of Burr*, 17 Barb. 9, 14, 15.)

The court will not remove the committee of the person without, at the same time, removing the committee of the estate of an incompetent. (*Matter of Burr, supra*, 9, 15.)

For the committee of the person to resist the attempts of the incompetent to be relieved of his committeeship, is inconsistent with the duty of such committee " ' to administer all the comfort and amusement the nature of the case will admit, or the funds of the lunatic afford.' "

If Mrs. Morgan was doubtful of Mr. Morgan's recovery, when he attempted to have his committees removed, she should either have left the matter to the committee of the property, or should have consulted the court for instructions. In no event was she authorized to appear against her ward or involve his estate to prevent restoration of his rights. (*Mathews* v. *Sargent*, 175 Ill. App. 287, 290.) The committee of the person of the incompetent is simply a trustee and has no interest adverse to the recovery of the sanity of the ward. (*Ensign* v. *Faxon*, 224 Mass. 145, 150.)

I assume the committee of the estate was represented, in the proceedings of the incompetent to be relieved from his committees, by competent attorneys. The State of New York was likewise represented by the Attorney-General. Under those circumstances, it was not necessary for the committee of the person to be represented by counsel. If the committee of the person, under such circumstances, could retain counsel at the expense of the estate of the ward, the estate, or ward, might be unnecessarily burdened with the payment of legal expenses.

There are no grounds, legal or equitable, upon which this court can allow an order directing payment of applicant's bill. He will have to look to Mrs. Morgan personally for the payment of his account.

Application is denied. Ordered accordingly.