## In the Matter of the Estate of LEE KOHNS, Deceased.

Surrogate's Court, New York County, January 22, 1936.

*Nordlinger, Riegelman & Cooper* [*H. H. Nordlinger* and *Morris Cooper, Jr.,* of counsel], for the trustees.

*Herbert Brownell, Jr.,* special guardian, objectant.

FOLEY, S. This is an application by the trustees for a construction of the will in which a determination is sought of the invest-

ment powers of the petitioners under the language employed by the testator.

The ninth paragraph of the will, which defines the powers of the trustees, provides as follows: " I give to my executors either as such or as trustees, the full power and authority to continue any investment which may come into their hands or to invest any funds which may come into their hands either as executors or trustees, in such securities as may be prescribed by law for trustees, and in addition thereto in the bonds, prior liens or preferred stocks of any corporation whose common stock shall for a period of at least five years prior thereto, have uninterruptedly paid a dividend of not less than four per cent per annum. I hereby expressly authorize and empower my executors to allot to any of the trusts, any of the securities which may come into their possession, or which they may purchase, and upon the termination of the trusts or any of them, to deliver the securities so held in said trust in kind, to the person or persons entitled to receive the same, and that they shall not incur any liability for any depreciation in such securities."

It is clear from this language that the testator conferred a limited power on the trustees to invest in other than legal securities. The extent of this power, however, is not clear. The common stock of many corporations has no par value although dividends thereon have been regularly paid for five years. In order to determine the percentage rate of such dividends, it is necessary to ascertain the basic value of the common stocks on which the testator intended that the four per cent dividend should be computed.

While the language employed by the testator is not unique, the reported authorities are of little assistance in determining the investment powers of the trustees. The question is solely one of the testator's intention, which, when ascertained from the language of this particular will, is controlling. (*Matter of Rooker*, 248 N. Y. 361.)

It is conceded that where common stock of a corporation has a par value, such value is the base from which the percentage amount of the dividend should be computed. Where common stock has no par value the following alternative values are offered as a base for computation: (1) Book value; (2) market value; (3) stated value.

In view of the fact that the will provides that a dividend of four per cent shall have been paid on the common stock for a period of five years, market value is not a suitable base for computation and could not have been intended as such by the testator.

It must have been apparent to the testator that the value of common stocks over a period of five years would fluctuate greatly. It would be difficult and impracticable to compute a percentage of this fluctuating value.

Book value is similarly an unsuitable base for computation. In addition to the possible fluctuation of book value over a period of five years, the difficulty in ascertaining book value during that period would be an undue hinderance to the trustees in making investments.

The stated value of a common stock at the date of its issuance appears to be the only feasible base for computation. Stated value is constant and is closely analogous to par value. I hold, therefore, that the stated value of no par common stock at the date of its issuance is the value from which the testator intended the dividend of four per cent to be computed.

I hold further that the dividend of four per cent on the common stock must be a cash dividend. Where a will authorizes investments in other than legal securities, the language of such authorization should be strictly construed. (*Matter of Herriman*, 142 Misc. 164; *Matter of Franklin Trust Co.*, 84 id. 686.) The word " dividend " in the ninth paragraph of the will is, therefore, construed to mean a cash dividend and not to include a stock dividend. Such a construction is in conformity with the testator's intention to insure the safety and soundness of the non-legal investments authorized by the will.

One additional question is raised in connection with the power of the trustees to invest in non-legal securities. May the trustees invest in bonds or preferred stocks which have not been in existence for five years although the corporation has paid a dividend of four per cent on its common stock for five years?

I hold that the investment authorized by the will is limited to bonds or preferred stocks which have been in existence for five years. The testator has evidenced an intention to limit the power of the trustees to investment in bonds or preferred stocks which have a clear margin of safety. This margin of safety is ample coverage of preferred stock dividends and is represented by corporate earnings sufficient to pay a dividend of four per cent on the common stock while the senior securities are in existence. This margin of safety is not present where the senior security has not been in existence during the five years in which the dividend was paid on the common stock. The fact that a corporation has paid a four per cent dividend on its common stock for five years is no indication that it will continue to do so after the issuance of a new senior security. The new senior security might

very well absorb the funds for the payment of the common stock dividend. The purchase of bonds or preferred stocks which have not been in existence for five years would defeat the intention of the testator to provide an adequate margin of safety for the non-legal investments.

In connection with their power to invest in legal securities, the trustees seek the determination of two questions: (1) May investment be made in mortgage participation certificates although the real property is not now worth fifty per cent more than the face amount of the entire mortgage but said property is worth fifty per cent more than the price paid for the participation certificate multiplied by the number of outstanding units?

(2) May the trustees purchase a whole mortgage where the value of the property at the time of such purchase does not exceed the face amount of the mortgage by fifty per cent, but does exceed the price paid for the mortgage by fifty per cent?

Briefly stated, the trustees seek to purchase mortgages and participation certificates at a discount under their power to invest in legal securities and seek to justify such investments by an arithmetical calculation showing that the price paid is within the statutory percentage value of the realty or a proportional part thereof.

I hold that any such purchases are not legal investments and are unauthorized by the will. Where the face amount of a mortgage is more than two-thirds of the value of the realty, the purchase of such mortgage or a participation therein cannot be a legal investment regardless of the purchase price. The specification of legal investments by statute is designed to assure steady income as well as ample security for principal. Arrears in interest, taxes and other charges on mortgages which can be purchased at a discount will not assure a steady income. The purchase of mortgages and participation certificates at a discount is nothing but speculation. The purchaser is probably buying into a foreclosure proceeding and in the case of participation certificates a foreclosure over which he has little or no control. While the purchase of participations or whole mortgages at a discount might be a good speculative investment for an individual, it is not a legal investment for trustees.

The surrogate will not advise the trustees as to the purchase of particular securities. This is a question which they must determine in the exercise of their business judgment. (*Matter of Storts*, 142 Misc. 54; *Matter of Weissman*, 140 id. 360.)

Submit decree on notice construing the will in accordance with this decision.