In the Matter of WILLIAM HAGEDORN, an Incompetent Person.

Supreme Court, Special Term, New York County, April 22, 1941.

APPLICATION by committee of estate of incompetent person for maintenance order.

*Cannon & Cannon*, for the petitioner.

EDER, J. This is an application by the committee of the estate of an incompetent person for a maintenance order. Because of the recurrence of applications of this nature by such committees, seeking in effect an advisory opinion of the court as to the propriety of their acts in making investments or expenditures thereby avoiding the independent exercise of their own judgment and discretion it is deemed appropriate to indicate the policy of this court with respect thereto.

Guardians and committees, upon accepting appointment necessarily assume certain duties and responsibilities which they must discharge, and in doing so must determine their own course of conduct, and they cannot pass the duty and responsibility to the court. For assuming and discharging such duty and responsibility they are paid a compensation; if they feel inadequate to the task it is their prerogative to decline appointment or resign. This does not mean to imply that they are conclusively barred from seeking instructions from the court; in proper cases they are at liberty to do so. But generally, and in the absence of special circumstances, they must employ their own independent judgment and discretion.

As respects the duty and function of a committee of the estate of an incompetent, the basic duty is to provide the incompetent with such care and maintenance as the estate of the incompetent will warrant after the payment of debts; the paramount duty of the committee is to provide for the personal wants and comforts of the incompetent, the care, health and comfort of the ward

being prime factor of consideration. (*Matter of Nutting*, 74 App. Div. 468, 471; *Matter of Morgan*, 144 Misc. 762; *Matter of Rasmussen*, 147 id. 564.)

Obviously, the discharge of such duty by the committee involves the exercise of judgment and discretion and in the absence of a statute or rule of court providing otherwise an order of the court is generally not necessary to authorize expenditures which do not impair the capital of the ward, and in the first instance the guardian or committee is the judge of what is necessary for his ward to the same extent that the parent is with relation to his child; the extent of the provision to be made to the ward is largely within the discretion of the guardian or committee, and with respect to particular expenditures or allowances, the question whether they are proper in character or amount is the responsibility, in the first instance, of the guardian or committee.

By this application the committee of the estate of the incompetent seeks the approval of this court of payments to the committee of the person of the incompetent, out of the property of the incompetent of the sum of $200 each and every month, to be applied by said committee of the person towards the care and maintenance of the incompetent, which monthly payment of $200 is to relate back and begin as of February 1, 1941.

It appears that the committee of the person of the incompetent is his father; that numerous conferences have been had in reference to the care and maintenance of the incompetent and both the petitioner, as committee of the estate, and the father, as committee of the person of the incompetent, " have decided that the sum of $200.00 should be paid each month for such care and maintenance." The surety on the bond of the committee of the person of the incompetent joins in the application. Nonetheless this court's approval of this arrangement and expenditure is sought to be obtained in advance of such action being taken by the petitioner on its own initiative and responsibility.

The application is denied upon the ground that it is not one presenting any question of law, but is one involving merely the propriety of the exercise of the committee's judgment in the respect mentioned and is a matter which is only properly presentable at the time of passing upon the committee's account. As said in *Matter of Hotaling* (250 App. Div. 489): " The question is not now justiciable. It is prematurely presented. Answering it now is in effect exercising a non or extra judicial function; giving an advisory opinion without authority therefor. * * * It should be answered only upon an accounting or some similar proceeding when the propriety of the conduct of the committee will be determined

upon a factual showing after the event, if his conduct be then challenged." Surrogate FOLEY in *Matter of Kohn* (158 Misc. 853), expressed the same policy in declining to advise trustees as to the purchase of particular securities, saying: " This is a question which they must determine in the exercise of their business judgment." I see no reason for departing from this sound rule.

Application denied.