In the Matter of JOHN J. DEIMER, an Alleged Incompetent Person.

CARL R. GRAY, JR., as Administrator of Veterans' Affairs, Appellant; DRISCOLL, MATHEWS & GINGOLD, as Attorneys for Incompetent, et al., Respondents.

Fourth Department, December 29, 1948.

*Edward T. Fennell* for appellant.

*Eli Gingold* for incompetent.

*Henry H. Bruce* for First Trust & Deposit Company, respondent.

VAUGHAN, J. This is an appeal from so much of an order of the Onondaga Special Term, entered February 13, 1948, as awards the respondent, Driscoll, Mathews & Gingold the sum of $1,000 for legal services rendered the above-named incompetent veteran from the year 1940, up to and including January 21, 1948. The proceeding came before the Special

Term, not upon the petition of the committee of the incompetent, but upon the petition of the incompetent himself. The appeal was submitted, without argument. Carl R. Gray, Jr., as Administrator of Veterans' Affairs, is the appellant.

We are of the opinion that the court was not in a position to entertain the proceeding in the absence of a petition by the committee. Petitioner having been declared incompetent, his right to institute or prosecute a proceeding in court is ended (Civ. Prac. Act, §§ 236, 1377; *Matter of Brown,* 131 Misc. 420).

In *Matter of McGuinness* (290 N. Y. 117) the court said: '' By statute, the custody of the person and the control and management of the property and affairs of an incompetent person and the use and disposition of his property are exclusively vested in the Supreme Court whose jurisdiction *must be exercised* by means of a committee appointed according to procedure provided in the Civil Practice Act (Civ. Prac. Act, §§ 1356-1358). There may be no interference with or disposition of his property until such jurisdiction is exercised and a committee appointed whose proceedings are subject continuously to proper and orderly supervision of the court   *   *   *.'' In this instance, the court, following the resignation of the committee of the person of the incompetent, has continued to exercise jurisdiction through the committee of the property.

The appellant urges that the Special Term was without authority to make any allowance to Driscoll, Mathews & Gingold because (1) There is no evidence of any agreement between the committee of the property of the incompetent and the said attorneys, to perform legal services, and (2) In the absence of such an agreement, an incompetent person on his own behalf is incapable of contracting for legal services. There seems to be no question that certain legal services were actually performed by the law firm of Driscoll, Mathews & Gingold. Likewise, there seems to be no dispute as to the period within which the legal services were performed.

By order of the Supreme Court, dated January 5, 1931, the First Trust & Deposit Company of Syracuse was appointed committee of the person and estate of John Jay Deimer, an incompetent. Said committee continued to act as committee of both the person and estate of said incompetent until November 4, 1940, when it resigned by leave of the court, as committee of the person. It has, however, continued to act as committee of the estate of said incompetent to the present time. Following the resignation of the committee of the person, Keith L. Driscoll of the law firm of Driscoll, Mathews & Gingold took upon himself

the duty of acting as guardian of the person of the incompetent, he being of the opinion that he had been substituted for the trust company when it was released in 1940. It appears from the affidavit of said Driscoll that on October 14, 1940, he prepared an affidavit and consent to become special guardian (not committee) of the person of the incompetent. It does not appear that any such appointment was ever made. Mr. Driscoll concedes that he never represented the committee of the estate as attorney and it appears from the evidence that the committee of the estate never retained him to act as such attorney. It is well settled that one cannot voluntarily assume the relation of attorney for an incompetent (*Matter of Brown*, 131 Misc. 420, *supra*). It is not only difficult but impossible under such circumstances to justify the award made. A contract made with a person duly adjudged incompetent and for whom a committee has been appointed is absolutely void (*Carter* v. *Beckwith*, 128 N. Y. 312) and a committee has no right to retain and pay counsel without first obtaining permission of the court. He does so at his peril (*Matter of Osgood*, 119 Misc. 251).

Order insofar as appealed from should be reversed on the law and facts, without costs, and proceeding dismissed, without costs and without prejudice to further application upon proper papers.

All concur. Present — TAYLOR, P. J., McCURN, LARKIN, VAUGHAN and KIMBALL, JJ.

Order insofar as appealed from reversed on the law and facts, without costs of this appeal to any party and proceeding dismissed, without costs, without prejudice to further application upon proper papers.