H. TANNER OLSEN, Plaintiff, *v.* ANN M. OLSEN, Defendant.

Supreme Court, Special Term, Queens County, February 24, 1950.

*Bernard M. Patten, 2d,* as committee of the property of defendant.

*L. Arnold Weissberger* for plaintiff.

*Dorothy Frooks* for defendant.

DALY, J. In this action for a separation instituted by the husband against his wife in May, 1947, the defendant wife has since been declared incompetent and a committee has been appointed to manage her property and affairs. The committee now moves for leave to intervene in this action and to be substituted in place of the defendant. The attorney for the defendant opposes the motion and seeks to be allowed to remain in charge of the defense.

Section 236 of the Civil Practice Act provides, in part, as follows: " A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs." Section 207 of the Civil Practice Act provides that the Supreme Court may appoint a guardian ad litem or special guardian for an incompetent at any stage of any action or proceeding when it appears to the court to be necessary. Section 208 of the Civil Practice Act provides for the appointment of a special guardian ad litem to conduct the defense for an incompetent where the court believes that the interest of the committee is adverse to that of the incompetent defendant. There is no claim nor evidence of any conflict of interest between the committee and the incompetent. Under these circumstances, the court is of the opinion that the committee should defend this action. (*Matter of Caidin,* 272 App. Div. 774; *Matter of Brown,* 131 Misc. 420; *Matter of Deimer,* 274 App Div. 557; *Matter of McGuinness,* 290 N. Y. 117.) The motion by the committee for leave to intervene and be substituted in place of the defendant is granted.

The committee further moves for an order directing the attorney to turn over her complete file in this action and all assets, papers and documents belonging to the defendant. Insofar as the assets are concerned, the motion should be made in the incompetency proceeding, or a special proceeding may be instituted, pursuant to section 475 of the Judiciary Law. (See *Matter of Long,* 287 N. Y. 449.) With respect to the file in this action, the motion must be denied. The attorney has a retaining lien on the papers in her possession until her fees are paid or secured. (*Leviten* v. *Sandbank,* 291 N. Y. 352, 357; *Goldman* v. *Rafel Estates,* 269 App. Div. 647.)

The balance of the motion in which the committee requests an order requiring the plaintiff to furnish true copies of all papers heretofore submitted by him, is denied. The complete file is available to the committee in the County Clerk's office.

Prior to the appointment of the committee, a motion was

made by the defendant through her attorney for an order adjudging plaintiff in contempt for failure to pay certain alimony. It appears from defendant's own affidavit of May 26, 1947, that part, at least, of the property in her possession belongs to the plaintiff. She has failed to deliver to plaintiff his bankbook and correspondence and papers referring to his business, although ordered to do so, and she has been heretofore held in contempt for her failure to comply with said order. In the court's discretion, the motion to punish for contempt will be denied, without prejudice to the right of the committee to move for the entry of a money judgment.

The cross motion by the plaintiff to modify the judgment with respect to alimony is denied, without prejudice to plaintiff's right to renew the same after the Commissioner of Mental Hygiene has determined the amount necessary for the support and maintenance of the defendant at the institution.

The further motion by the attorney for the defendant for a stay of all proceedings on the part of the plaintiff for failure to comply with the demand, pursuant to rule 9-a of the Rules of Civil Practice, is also denied without prejudice to renewal by the committee if it be so advised.

Settle orders on notice.