■ In the Matter of WILLIAM L. McCORMICK, Appellant. JEFFREY R. COHN, Respondent. [632 NYS2d 215] —In a proceeding to settle the final account of Jeffrey R. Cohn, Guardian ad Litem and Temporary Receiver of the person and property of Goldie Book, an incompetent person, William L. McCormick, the former Successor Committee of the person and property of Goldie Book appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Rossetti, J.), dated January 20, 1994, which confirmed the report of the Guardian ad Litem and Temporary Receiver as to the final account of the proceedings of the former Successor Committee, and surcharged the former Successor Committee the sum of $100,667.07

Ordered that the order and judgment is modified, on the law and the facts, by (1) deleting the provision thereof which surcharged the former Successor Committee with the amounts he paid for legal and expert witness fees on behalf of Goldie Book, and substituting therefor a provision allowing those expenditures, and (2) deleting the provision thereof which surcharged the former Successor Committee for appraisal fees paid by him; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to

the Supreme Court, Nassau County, for a hearing to be conducted on whether or not the former Successor Committee should be surcharged with the amounts he paid for appraisal fees.

The appellant, William McCormick, was appointed the Successor Committee of the person and property of Goldie Book, an incompetent person, in 1983. In January 1993, the Supreme Court suspended McCormick from exercising the powers of a Successor Committee with respect to Book's estate, and appointed the respondent, Jeffrey Cohn, as Guardian ad Litem and Temporary Receiver of the person and property of Goldie Book. The court further directed McCormick to file his final account with respect to the estate on or before a specified date. McCormick failed to do so. The court then directed Cohn to take and state the final account of the estate and to file it.

Cohn filed a final account which recommended that McCormick be surcharged a total amount of $100,667.07, representing the total of "unexplained withdrawals" from Book's bank accounts and several payments made by McCormick on behalf of Goldie Book without prior court approval. In an order and judgment dated January 20, 1994, the Supreme Court confirmed the report as filed, judicially settled the final account, and surcharged McCormick in the above-stated amount. It is from that order and judgment that McCormick appeals.

The court erred in surcharging McCormick with the amounts he paid in legal and expert witness fees. While the Committee of an incompetent has inherent authority to retain counsel, a Committee who pays counsel fees without permission of the court does so at the risk of having the payments disallowed upon an accounting (see, Matter of Maxwell, 218 NY 88; Matter of Countermine, 286 App Div 911; Matter of Deimer, 274 App Div 557; Matter of Osgood, 119 Misc 251), unless the Committee can justify the payments by showing that the amounts paid were necessary, fair, and reasonable (see, Matter of Countermine, supra; Matter of Osgood, supra, at 256).

Applying the above principles, it is clear that the legal fees paid by McCormick may not be disallowed simply because he failed to seek prior permission of the court. Here, the court erroneously surcharged McCormick with the $27,978.19 he paid in legal fees solely because he failed to obtain prior court approval, without determining whether the payment was necessary, fair, and reasonable.

McCormick explained that the legal and expert witness fees were paid over a period of three years in the proceedings seeking the release of Goldie Book who, at that time, had been held

in a psychiatric facility for approximately 12 years. McCormick's assertion that the attorney's hourly rate of $250 had been previously approved by the court was not disputed. Moreover, the documents submitted by the attorney for the surety on McCormick's bond, verified the payments and the payments were not contested by Cohn.

Additionally, the legal proceedings ultimately resulted in the release of Goldie Book from the psychiatric hospital. It is the duty of the Committee to avail himself of all reasonable means that may tend to the restoration of his ward or the amelioration of her condition (see, Matter of Morgan, 144 Misc 762). Under the circumstances, it cannot be reasonably concluded that the amount of legal fees paid by McCormick was not necessary, fair, or reasonable.

Similarly, the court should have allowed the fees paid by McCormick to a psychiatrist who testified on Goldie Book's behalf during the legal proceedings to secure her release.

The court should have held a hearing to determine whether to allow the amount of $5,500 paid to appraisers. In his affidavit, McCormick explained that the appraisal was necessary to determine the rental value of certain property co-owned by Book since there was no lease in existence and the co-owner, who used a portion of the property for his business, was not paying rent at the market value. Cohn disputed McCormick's assertion and alleged facts which suggested that the appraisal was not necessary. Since the affidavits raised disputed issues of fact as to the necessity of the appraisal, as well as the reasonableness of the appraisal fees paid, the court should have held a hearing to determine what, if any, amount should be surcharged to McCormick. Therefore, we remit the matter to the Supreme Court, Nassau County, for a hearing on whether to surcharge McCormick for the appraisal fee, and if so, in what amount.

The court, however, properly surcharged McCormick in the amount of $4,392.99 which he had taken as advances in commissions. Commissions are earned by a Committee only when they are allowed by the court upon an accounting, either intermediate or final (see, Matter of Osgood, 119 Misc 251, 253, supra). A Committee may not pay himself commissions on the principal or income of the estate until an accounting has been had upon notice to all persons interested in the estate (see, Matter of Osgood, supra).

The court also properly surcharged McCormick with the unexplained withdrawals from Book's bank accounts. While McCormick maintained that the subject withdrawals were

deposited into an account maintained by Book and her daughter, he failed to submit sufficient documentation to support that claim. Moreover, Cohn noted that with the exception of a few transactions, for which McCormick was credited, there were no deposits corresponding with the withdrawals.

We have considered the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.