■ In the Matter of Louis G., a Person Alleged to be Incapacitated. Frank Russo, as Conservator of the Property of Louis G., Respondent; Lois M. Rosenblatt, Public Administrator of the County of Queens, Appellant. Fidelity & Deposit Company of Maryland, Nonparty Respondent. [833 NYS2d 202]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Frank Russo, conservator of the property of Louis G., petitioned to settle his final account, Lois M. Rosenblatt, Public Administrator of the County of Queens, appeals from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated April 17, 2006, as, after a hearing, in effect, denied her objections to the final account and denied her request to surcharge the conservator.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and new determination in accordance herewith.

The appellant filed a number of objections to the final account filed by Frank Russo, the conservator of the property of Louis G., and she requested that the conservator be surcharged in the amount of $864,933.86. At a hearing before the Supreme Court, the appellant offered testimony as to the basis for her objections. She was briefly cross-examined, and a computer-generated reconstruction of the accounts of the conservatee was received in evidence. The conservator proffered some testimony in explanation of some of the questioned disbursements, and was provided with an opportunity to make further submissions by way of affidavits, with such further submissions to be supplied to the surety on the bond he had posted upon his appointment as conservator. Despite the fact that the appellant did not

waive her right to cross-examine the conservator, she was not given an opportunity to do so, even though the Supreme Court gave every indication that the hearing would be continued upon receipt and examination of the conservator's further submissions, and the provision of notice to the surety. In fact, without any prior notice to the parties that it would determine the appellant's objections and requests for surcharge without continuing the hearing, the Supreme Court issued the order appealed from, which, inter alia, in effect, denied the appellant's objections and denied her request to surcharge the conservator.

Under these circumstances, it was error to determine the issues without continuing the hearing (*see Matter of We're Assoc. Co. v Scaduto,* 206 AD2d 245, 249 [1994]). The appellant raised significant questions as to the nature and propriety of a large number of expenditures of the conservatee's funds by the conservator. The objections and the explanations offered by the conservator raised questions of fact on a number of material issues, including a business loan to the conservator, its alleged repayment, and the large number of cash disbursements, such that a hearing should have been conducted to resolve those issues. The procedural course followed by the Supreme Court deprived the appellant of a full opportunity to be heard on her objections. Accordingly, the matter is remitted to the Supreme Court, Queens County, for a hearing on the appellant's objections to the final account and the related issue of the amount of a surcharge, if any.

Any discovery prior to the hearing is subject to a request to the Supreme Court, pursuant to CPLR 408, for leave to obtain such discovery. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.