■ In the Matter of Theodore T., an Incapacitated Person. Michael T., Appellant; Diana C.T., Respondent. [920 NYS2d 688]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Diana C.T., the former wife of Theodore T., an incapacitated person, moved to direct Michael T., the guardian of Theodore T., to pay one half of the annual college expenses of the daughter of Diana C.T. and Theodore T., Michael T. appeals from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated July 21, 2009, as denied that branch of his motion which sought reimbursement from the guardianship account of Theodore T. for attorneys' fees incurred in the representation of Theodore T.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the branch of the appellant's motion which sought reimbursement from the guardianship account of Theodore T. for attorney's fees incurred

in the representation of Theodore T. is granted to the extent that the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination of the amount of the reimbursement the appellant is entitled to from the guardianship account of Theodore T. for attorneys' fees incurred in the representation of Theodore T.

A guardian has the inherent authority to retain counsel (*see Matter of McCormick*, 220 AD2d 506, 507 [1995]). Nevertheless, "a [guardian] who pays counsel fees without permission of the court does so at the risk of having the payments disallowed . . . unless the [guardian] can justify the payments by showing that the amounts paid were necessary, fair, and reasonable" (*Matter of McCormick*, 220 AD2d at 507 [citations omitted]; *see Matter of Castano*, 248 AD2d 382 [1998]). Where, as here, the services performed by counsel retained by the guardian and paid from his personal funds were for the benefit of the incapacitated person, the Supreme Court erred in summarily denying the guardian's request to be reimbursed from the guardianship account for those legal fees based solely upon the guardian's failure to seek prior court approval of payment of the fees (*see Matter of Castano*, 248 AD2d at 382; *Matter of McCormick*, 220 AD2d at 507; *Matter of Countermine*, 286 App Div 911 [1955]; *Matter of Deimer*, 274 App Div 557 [1948]). While it is clear from Michael T.'s papers that it was necessary for the guardian to incur legal fees on behalf of the incapacitated person, the matter must be remitted to the Supreme Court, Nassau County, for a hearing to determine the fair and reasonable amount of reimbursement to which the guardian is entitled (*see Matter of Castano*, 248 AD2d at 382; *Matter of McCormick*, 220 AD2d at 507). Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.