706

■ In the Matter of VERNA EGGLESTON, as Commissioner of Social Services of the City of New York, Respondent, for the Appointment of a Guardian of the Person and Property of JENNIFER D., an Alleged Incapacitated Person. JENNIFER D., Appellant. MARTIN HERSH, Nonparty Appellant; ROBERT KRUGER et al., Nonparty Respondents. [930 NYS2d 608]—

A court is authorized to award "reasonable compensation" to a guardian (Mental Hygiene Law § 81.28 [a]). The plan for compensation "must take into account the specific authority of the guardian or guardians to provide for the personal needs

and/or property management for the incapacitated person, and the services provided to the incapacitated person by such guardian" (*id.*). However, "[i]f the court finds that the guardian has failed to discharge his or her duties satisfactorily in any respect, the court may deny or reduce the compensation which would otherwise be allowed" (Mental Hygiene Law § 81.28 [b]).

Here, the Supreme Court did not establish a plan for the temporary guardian's compensation and did not explain the basis for its award of a "Legal Fee" to the temporary guardian of Jennifer D., Robert Kruger, who, although an attorney, was acting as Jennifer D.'s guardian. In addition, in opposition to Kruger's request for payment of his fees, Jennifer D. submitted evidence demonstrating an issue of fact as to the propriety of Kruger's actions on her behalf and the accuracy of Kruger's accounting. Accordingly, the Supreme Court should have conducted a hearing to determine what, if any, fees were due to Kruger (*see Matter of Joshua H. [Grace N.]*, 80 AD3d 698, 699 [2011]; *Matter of Harry Y.*, 62 AD3d 892, 894-895 [2009]; *Matter of Louis G.*, 39 AD3d 546, 547 [2007]; *Matter of McCormick*, 220 AD2d 506, 508 [1995]).

Additionally, although nonparty attorney Barry Elisofon may have been entitled to reimbursement of disbursements he paid to Hearthside Care Coordinators (hereinafter Hearthside), the Supreme Court did not conduct a hearing as to the reasonableness of those sums (*see Matter of Maylissa N.*, 5 AD3d 492, 493 [2004]; *Matter of Castano*, 248 AD2d 382 [1998]; *Matter of McCormick*, 220 AD2d at 508). As to the fees charged by Hearthside and not paid by Elisofon, the principal of that company, Irene Zelterman, acknowledged in court that she would not seek payment of fees until a personal injury action instituted by Jennifer D. was resolved. Zelterman also confirmed that, if the personal injury action were not resolved, the work on behalf of Jennifer D. would continue on a pro bono basis. Under these circumstances, Hearthside was not entitled to payment of its outstanding fees in the amount of $19,720.

Jennifer D.'s remaining contention is without merit. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.