■ In the Matter of ALBERT K. FRANK G. D'ANGELO, Appellant-Respondent; LOIS M. ROSENBLATT, Public Administrator of Queens County, Respondent-Appellant. EDWARD J. CHESNIK, Nonparty Respondent. [946 NYS2d 186]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Frank G. D'Angelo, the successor guardian of the person and property of Albert K., moved to settle his final account, Frank G. D'Angelo appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), entered January 4, 2011, as, upon judicially settling his final account, after a hearing, imposed a surcharge against him in the sum of $123,506.59 and denied him commissions and an attorney's fee, and Lois M. Rosenblatt, Public Administrator of Queens County, cross-appeals, as limited by her brief, from so much of the same order as denied her request, made in connection with her objections to the final account, to include 9% interest on the sum surcharged.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, and the request to include 9% interest on the sum surcharged is granted; and it is further,

Ordered that one bill of costs is awarded to Lois M. Rosenblatt,

Public Administrator of Queens County, payable by Frank G. D'Angelo personally.

On July 23, 2004, attorney Frank G. D'Angelo (hereinafter the appellant) was appointed the successor guardian of the person and property of Albert K., who was then a 76-year-old incapacitated person. In April 2007, the appellant appointed his wife, Ann Marie D'Angelo (hereinafter Ann Marie), as Albert K.'s "nurse geriatric care manager." Ann Marie provided geriatric care management services to Albert K. through a solely-owned company named Family Care Connections, LLC (hereinafter Family Care), which she formed in 2007. Family Care received total payments from the appellant, as Albert K.'s successor guardian, in the aggregate sum of $111,881.98.

In an order dated October 13, 2009, the Supreme Court confirmed a report of the appointed court examiner regarding the appellant's accounts, and directed the appellant to appear at a hearing to address the payments made to Family Care on Albert K.'s behalf and, inter alia, whether the appellant should be surcharged for such payments. At the hearing, Ann Marie testified about her credentials and experience, and described the services she provided to Albert K. at his home in April 2007, which included managing and training full-time health care aides, until Albert K. was hospitalized in October 2007. Although Albert K. never returned home after his initial hospitalization in October 2007, and received full-time care at the various facilities where he subsequently resided, Ann Marie continued to provide him with, among other things, full-time health care aides until he died in a nursing home on July 29, 2009.

In testifying about his duties as Albert K.'s guardian, the appellant conceded that the prudent course would have been to obtain the court's approval before retaining Ann Marie to render geriatric care services to Albert K. when Albert K.'s condition deteriorated. On cross-examination, the appellant testified that he had submitted a final accounting with respect to another guardianship in which he included various payments to Family Care, and that he had engaged in the sale of another ward's property to his tennis partner and fellow yacht club member. Furthermore, the court examiner elicited testimony that the appellant had prepared a will for Albert K. on May 8, 2009, which was witnessed by Ann Marie and the appellant's mother. This will appointed the appellant as executor, and bequeathed Albert K.'s entire estate, worth in excess of $3 million, to a trust. The will specified that the appellant would serve as the trustee.

After the hearing was concluded, the Supreme Court informed

the appellant that it would permit him to submit written materials to explain the alleged instances of self-dealing elicited by the court examiner on cross-examination. There is no indication that the appellant availed himself of this opportunity or sought to present additional evidence at the conclusion of the hearing as to other matters. The parties thereafter appeared before the Supreme Court on the appellant's motion to settle the final account. Although not personally present, the appellant was represented by counsel. The appellant's counsel sought, in effect, to reopen the hearing with respect to the fees that the appellant paid to Ann Marie and Family Care. The Supreme Court declined to reopen the hearing.

In a decision dated December 8, 2010, the Supreme Court explained that it was approving the final account, except for the sum of $108,881.59, which it deemed to be excessive fees paid to Family Care and Ann Marie. The Supreme Court indicated that it was approving the sum of $3,000 for services provided to Albert K. prior to his hospitalization in 2007. The Supreme Court also stated that the appellant was to be denied commissions and an attorney's fee, "as his actions were in the best interests of him and his family rather than his ward," concluded that the appellant was personally liable to pay the court examiner's legal fees in the sum of $14,625 for asserting the objections to the account, and concluded that the appellant was to be surcharged for the foregoing items in the total sum of $123,506.59, without interest, although Lois M. Rosenblatt, Public Administrator of Queens County (hereinafter the Public Administrator), had requested that interest be included. In an order entered January 4, 2011, the Supreme Court, consistent with the decision, judicially settled the final account.

Contrary to the appellant's contention, he was not denied his right to a hearing or the right to present evidence, call witnesses, or cross-examine adverse witnesses (*see* Mental Hygiene Law § 81.11; *cf. Matter of Louis G.*, 39 AD3d 546 [2007]; *Matter of McCormick*, 220 AD2d 506 [1995]). Furthermore, under the circumstances, the Supreme Court did not improvidently exercise its discretion in declining to reopen the hearing (*see generally Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980] ["the order of introducing evidence and the time when it may be introduced are matters generally resting in the sound discretion of the trial court"]).

In addition, the Supreme Court properly determined that the court examiner and the Public Administrator satisfied their initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete so as to

raise an issue of fact as to whether the charges paid from Albert K.'s estate for Family Care's services were reasonable and proper (*see Matter of George P. [Sherwood]*, 83 AD3d 1079 [2011]). In response to the foregoing, the appellant failed to meet his burden of demonstrating that the fees paid from Albert K.'s estate were reasonable or proper. Accordingly, the surcharge of $108,881.59 for those fees was proper (*see Matter of Donner*, 82 NY2d 574, 585 [1993]; *Matter of Schnare*, 191 AD2d 859, 861 [1993]; *Matter of Jones [Josephine R.]*, 31 Misc 3d 1239[A], 2011 NY Slip Op 51046[U] [2011]).

In addition, the Supreme Court properly directed, as part of the surcharge, that the appellant personally pay the court examiner's legal fees in the sum of $14,625. The court examiner was appointed to examine the appellant's accounts pursuant to Mental Hygiene Law § 81.32. The court examiner's fees were incurred to inquire into the propriety of the appellant's conduct in retaining Ann Marie to render services to Albert K. Accordingly, the appellant should bear the burden of the fees because they were incurred to examine his conduct in the context of this and other guardianships which involved similar acts of self-dealing by the appellant (*cf. Matter of Hidden*, 243 NY 499, 514 [1926]). To the extent that the court examiner's fees exceeded the statutory guidelines set forth in 22 NYCRR 806.17 (c), the appellant's covert self-dealing demonstrates the requisite "extraordinary circumstances" which entitle a court to depart from the statutory schedule (22 NYCRR 806.17 [c]; *Matter of Arnold O.*, 279 AD2d 774, 779 [2001]).

We reject the appellant's contention that the Supreme Court improperly denied him commissions allegedly earned on the sale of Albert K.'s property and an attorney's fee. Pursuant to Mental Hygiene Law § 81.28, the court shall establish a plan for the reasonable compensation of a guardian, which may be denied or reduced if the court finds that the guardian failed to discharge his or her duties "satisfactorily in any respect" (Mental Hygiene Law § 81.28 [b]; *see Matter of Eggleston [Jennifer D.]*, 88 AD3d 706 [2011]). In light of the appellant's conduct, we decline to disturb the Supreme Court's determination that the appellant failed to discharge his duties satisfactorily, and conclude that the Supreme Court properly denied him the requested commissions and an attorney's fee.

Finally, with respect to the cross appeal, we determine that the Supreme Court improvidently exercised its discretion in denying the Public Administrator's request to include 9% interest on the sum surcharged (*see* CPLR 5001 [a]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.