■  LINDA R. MORSE, Respondent, v ALBERT MORSE, Appellant.—Appeal from an order of the Family Court of Rensselaer County, entered December 13, 1977, which made an award for alimony, child support and counsel fees. A party may not appeal from an order entered upon his default, the proper remedy being an application to open the default made to the rendering court (CPLR 5511, 5015; *Furci v Furci,* 45 AD2d 1003). Appeal dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.

■  In the Matter of NORMAN L. HESS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted to the Bar by the Fourth Department in November, 1951. He concedes that on July 27, 1978 he was convicted in the United States District Court for the Northern District of New York, upon his plea of guilty, of the misdemeanor of willfully failing to file an income tax return for the calendar year 1974 in violation of section 7203 of the Internal Revenue Code (US Code, tit 26, § 7203). Respondent was sentenced on July 27, 1978 to a prison term of 30 days and fined $10,000. Execution of the sentence and payment of the fine was stayed until August 31, 1978 with respondent to thereafter stand committed until the total fine was paid. A conviction for failure to file an income tax return constitutes professional misconduct *(Matter of Grey,* 64 AD2d 997; *Matter of Steidle,* 30 AD2d 79). Moreover, respondent's present misconduct is exacerbated by the fact that he was previously suspended by this court for three months in 1973 following his conviction in Federal court for failure to file an income tax return for the year 1965 *(Matter of Hess,* 41 AD2d 1015). Under the circumstances, we conclude that respondent should be suspended for a period of two years. Respondent suspended for a period of two years, the date of the suspension to be fixed in the order to be entered hereon. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur.