■ MILDRED TONGUE, Respondent, v VERNON TONGUE, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 16, 1982 in Schenectady County, upon a decision of the court at Trial Term (Cerrito, J.), without a jury. On December 10, 1979, plaintiff commenced an action in Schenectady County Supreme Court for absolute divorce against defendant husband on the ground of cruel and inhuman treatment. An answer containing a general denial was interposed on February 22, 1980. After a substitution of attorneys, defendant served an amended answer which, in addition to containing denials of plaintiff's complaint allegations, set forth a counterclaim seeking an absolute divorce on the grounds of plaintiff's adultery and cruel and inhuman treatment. Plaintiff served a reply denying the allegations of the counterclaim. When the matter was reached for trial on March 2, 1982, the attorneys for the parties orally stipulated on the record that defendant would withdraw his amended answer and plaintiff would withdraw her reply to his counterclaim. The stipulation also contained an agreement with respect to marital property division[1] and attorney's fees. In accordance with the stipulation, each party proceeded against the other for a divorce on grounds of cruel and inhuman treatment. On September 16, 1982, the trial court granted plaintiff a divorce from defendant.[2] The oral stipulation was incorporated into the judgment of divorce but did not merge therein. This appeal by defendant ensued. The appeal must be dismissed. CPLR 5511 only permits an "aggrieved" party to appeal a judgment or order. A judgment or order entered upon consent or default is not appealable (*Matter of Pulver,* 86 AD2d 705; *Morse v Morse,* 67 AD2d 750). Here, when the parties agreed that defendant's answer and plaintiff's reply would be withdrawn and that each party would seek a divorce against the other, the only issue left was which of

1. This case predated the Equitable Distribution Law (Domestic Relations Law, § 236).

2. Although it appears from the record that Trial Term found for each party on their divorce actions, apparently only plaintiff submitted a divorce decree for entry.

the parties would obtain that which both wanted. Each party, by withdrawing the instrument that created triable issues of fact, consented to a judgment entered on default. While defendant is correct in his argument that a judgment of divorce may not be entered upon default or consent (Domestic Relations Law, § 211; General Obligations Law, § 5-311), such principle does not make the judgment itself appealable. If defendant now feels that there are grounds upon which to attack the judgment in plaintiff's favor, the proper procedure is by application to vacate the judgment of divorce and to appeal the resulting order if the motion is denied. Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Kane and Yesawich, Jr., JJ., concur.

Casey, J., concurs in part and dissents in part in the following memorandum. Casey, J. (concurring in part and dissenting in part). Insofar as that portion of the judgment which granted plaintiff a divorce on the grounds of cruel and inhuman treatment is concerned, I cannot agree that defendant is not an "aggrieved party" within the meaning of CPLR 5511. Having timely answered and served an amended answer containing a counterclaim, and having appeared on the date of trial and participated in the proceedings that followed, it cannot be said that defendant was in default. Nor did he unconditionally consent to the actual granting of a judgment of divorce against him. Rather, as revealed by the transcript of the proceedings, both parties withdrew their responsive pleadings and agreed that each party would proceed against the other on the affirmative pleadings, by putting in his or her proof of the claimed cruel and inhuman treatment by the other party, uncontested. Defendant did not consent to a judgment of divorce against him in the absence of the proof from plaintiff required by statute (see Domestic Relations Law, § 211). Accordingly, the granting of such a judgment without meeting that condition, which is what defendant contends occurred herein, clearly would aggrieve defendant and, accordingly, an appeal should lie. This court recently entertained cross appeals from a judgment of divorce which incorporated a stipulated property settlement and granted mutual divorces following the uncontested submission of proof from each party (*Lischynsky v Lischynsky,* 95 AD2d 111). The dissenters therein disagreed on the merits. Even assuming that the entire judgment is technically not appealable, remittal for the purpose of a motion to vacate would exalt form over substance insofar as the divorce itself is concerned. Defendant contends that the proof submitted by plaintiff is insufficient to support a finding of cruel and inhuman treatment. To compel him to return to the same Trial Judge who just found the proof sufficient before we will consider the issue is a waste of judicial time and effort (see *Szabo v Szabo,* 71 AD2d 32, 35) and is inconsistent with the intent of the CPLR (see CPLR 104). On the merits, I would reject defendant's claim that the proof was insufficient. Plaintiff's testimony, which was not disputed, established that during the last several years of their marriage defendant had refused to engage in sexual intercourse and, in fact, had removed himself to a room over the garage of the marital abode, refusing access to plaintiff and the parties' children. She also testified that defendant misused a drug and threatened to hit and physically abuse her, causing her to fear for her safety. This evidence of defendant's bizarre behavior, together with plaintiff's testimony as to the substantial impact it had on her health and welfare, is sufficient. As to the property settlement portion of the judgment, I agree that defendant's only remedy is a motion to vacate addressed to the Trial Judge. The record reveals that defendant's consent to incorporation but not merger of the stipulated property settlement in the divorce decree was unconditional. Unlike *Lischynsky v Lischynsky (supra)*, defendant does not argue that the incorporation of the stipulation violated a recently enacted statutory requirement of which the parties and the court were aware. Rather, defendant maintains that the

stipulation was the result of fraud, duress and overreaching, thereby raising factual issues upon which Trial Term never passed and which cannot be resolved on the present record. CPLR 5015 (subd [a], par 3) specifically authorizes a motion for relief from a judgment upon such grounds (see *Oppenheimer v Westcott,* 47 NY2d 595, 603) and defendant should use that remedy before taking an appeal. The same rationale applies with respect to defendant's claim that the attorney's fees, which he agreed to in the stipulation, are improper.