■ STACY GLICKMAN et al., Plaintiffs, v SHERIF F. SAMI, Defendant and Third-Party Plaintiff. IRWIN COHEN, Third-Party Defendant and Fourth-Party Plaintiff-Appellant; MANSON PHARMACY, Fourth-Party Defendant-Respondent.—In an action to recover damages based for medical malpractice, the third-party defendant fourth-party plaintiff appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated October 1, 1987, which granted the motion of the fourth-party defendant to dismiss the fourth-party complaint pursuant to CPLR 3211 (a) (7). By decision and order of this court dated January 23, 1989, the matter was remitted to the Supreme Court, Queens County, for clarification as to whether the order appealed from had been granted without opposition, and the appeal was held in abeyance in the interim (see, Glickman v Sami, 146 AD2d 671).

Ordered that the appeal is dismissed, without costs or disbursements.

In a report filed with this court on January 31, 1989, the Supreme Court, Queens County, has clarified that the order appealed from was granted without opposition. No appeal lies from such an order (see, CPLR 5511). The remedy of the aggrieved party is a motion to vacate the order pursuant to

CPLR 5015 *(see, e.g., Tongue v Tongue,* 97 AD2d 638, *affd* 61 NY2d 809; *Furci v Furci,* 45 AD2d 1003; *Matter of B. & J. Concrete Co. [Papile—Fensterstock],* 22 AD2d 899; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5511.10). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.