MARY J. POLITI, Appellant, v ROBERT J. TAYLOR, Respondent.—Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 26, 1990 in Schenectady

County, which denied plaintiff's motion to set aside an order dismissing the complaint as time barred.

On November 8, 1985, the parties were involved in a motor vehicle accident in Schenectady County. Defendant was served with a summons with notice on January 3, 1989. After he appeared, defendant was served with a complaint on March 23, 1989. The next day the attorney handling plaintiff's case went on maternity leave. On March 28, 1989 defendant moved to dismiss the complaint on the ground that the action was barred by the Statute of Limitations. The attorney who was to handle plaintiff's case during her original attorney's maternity leave was engaged in trial and the office staff failed to bring defendant's motion to his attention. On the return day, there being no appearance in opposition, defendant's motion was granted and an order dismissing the complaint was entered on May 26, 1989.

On May 9, 1990 plaintiff moved to be relieved from the order of dismissal. In support of her motion she demonstrated that a summons with notice was delivered to the Schenectady County Sheriff on November 8, 1988, thereby tolling the applicable Statute of Limitations for 60 days. Supreme Court denied the motion on the ground that CPLR 5015 was not applicable because the case did not involve an ex parte motion for a default judgment and, in any event, law office failure could not constitute a basis for excusable default, citing *Eaton v Equitable Life Assur. Socy.* (56 NY2d 900).

For the reasons that follow, Supreme Court's order must be reversed. Contrary to the holding of Supreme Court, plaintiff's only remedy from the order entered upon her default was a motion to open the default pursuant to CPLR 5015 *(see, Morse v Morse,* 67 AD2d 750). Additionally, Supreme Court's reliance on *Eaton v Equitable Life Assur. Socy. (supra)* was misplaced. Following that decision, the Legislature enacted CPLR 2005 which provides, in pertinent part, that "[u]pon an application satisfying the requirements of * * * subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion * * * to excuse * * * default resulting from law office failure". In the instant case, plaintiff made her motion within one year after service of a copy of the order with notice of entry, provided a reasonable excuse for her default and demonstrated a meritorious defense to defendant's motion *(see, Lovisa Constr. Co. v Facilities Dev. Corp.,* 148 AD2d 913).

Mahoney, P. J., Casey and Weiss, JJ., concur. Ordered that

the order is reversed, on the law and the facts, without costs, and motion granted.