■ In the Matter of the Estate of JOAN M. FOTIADES, Deceased. GREGORY POTLADES, Respondent; DAPHNE FOTIADES, Appellant. [774 NYS2d 820]—In a proceeding, inter alia, in effect, to invalidate two deeds, Daphne Fotiades appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Suffolk County (Braslow, S.), dated October 11, 2002, as, after a hearing, declared that the deeds dated July 28, 2000, and June 19, 2001, respectively, were void, and that the real property at issue was an asset of the decedent's estate.

Ordered that the appeal is dismissed, with costs.

The appellant withdrew her objection to the petition, in effect, to invalidate two deeds, and the proceeding continued unopposed. No appeal lies from an order that was made without opposition (*see Glickman v Sami,* 149 AD2d 458 [1989], citing CPLR 5511). Such a matter is treated in the same matter as a

consent, or a default. The remedy in such a case is a motion to vacate the order pursuant to CPLR 5015 (*see Glickman v Sami, supra,* citing *Tongue v Tongue,* 97 AD2d 638 [1983], *affd* 61 NY2d 809 [1984]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.