In the Matter of HARRY Y., a Person Alleged to be Incapacitated. LAURA Y.G., Appellant-Respondent; NEAL Y., Respondent-Appellant; WALLACE L. LEINHARDT, Respondent. [880 NYS2d 662]—

In a proceeding pursuant to Mental Hygiene Law article 81, Laura Y.G. appeals (1), as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated March 24, 2005, as, upon her consent and the consent of Neal Y. and Harry Y., an alleged incapacitated person, appointed Wallace Leinheardt as guardian for the property of Harry Y. (2), as limited by her brief, from so much of an order of the same court dated May 17, 2007, as, in effect, without a hearing, denied certain of her objections to the guardian's final account and denied her request to surcharge the guardian in connection with those objections, (3) from an order of the same court dated June 21, 2007, which, sua sponte, authorized and directed the guardian, nunc pro tunc, to seek an extension of time to file estate tax returns for the estate of Harry Y. and to pay estimated estate taxes from the guardianship account, and (4), as limited by her brief, from so much of an order of the same court dated October 9, 2007, as denied that branch of her motion which was, in effect, for leave to reargue her objection to the guardian's final account concerning the guardian's alleged mismanagement of Harry Y.'s assets and her request to surcharge the guardian in connection with that objection, and Neal Y. cross-appeals, as limited by his brief, from stated portions of the order dated May 17, 2007.

Ordered that the appeals from the order and judgment dated March 24, 2005, and the orders dated June 21, 2007, and October 9, 2007, respectively, are dismissed, without costs or disbursements; and it is further,

Ordered that the order dated May 17, 2007 is modified, on

the law, by deleting the provision thereof denying Laura Y.G.'s objection to the guardian's management of the assets of Harry Y. and her request to surcharge the guardian in connection with that objection; as so modified, the order dated May 17, 2007 is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing with respect to the objection raised by Laura Y.G. on the issue of the guardian's management of the assets of Harry Y. and her request to surcharge the guardian in connection with that objection.

In May 2004 Neal Y. (hereinafter Neal) commenced this proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the person and property of his father Harry Y. (hereinafter Harry), an alleged incapacitated person. In the petition, Neal named Harry's daughter Laura Y.G. (hereinafter Laura) as an interested party. The Supreme Court scheduled the matter for a hearing and, in an order dated December 1, 2004, appointed Wallace Leinheardt as temporary property guardian for Harry. In that order, the court authorized Leinheardt, among other things, to marshal all of Harry's assets, whether held solely in Harry's name or jointly with others, into temporary guardianship accounts.

At a conference in January 2005, prior to the commencement of the hearing, counsel for Neal, Laura, and Harry advised the court that the parties had reached an agreement as to the resolution of the proceeding and had reduced their agreement to a proposed order and judgment, which they submitted to the court. The resulting order and judgment dated March 24, 2005, among other things, appointed Leinheardt as Harry's property guardian "upon the nomination" of Neal and Laura. The order and judgment authorized Leinheardt, inter alia, to marshal and invest Harry's assets and stated that Leinheardt "[s]hall continue to have the authority granted to him as Temporary Property Guardian."

Harry died in April 2006. Leinheardt filed a final account with the court and moved to settle the final account as filed. Laura submitted objections to Leinheardt's final account and requested that he be surcharged on the basis of the issues raised by her objections. Without holding a hearing, in an order dated May 17, 2007, the court, in effect, denied Laura's objections and judicially settled the final account.

On or about January 11, 2007 Leinheardt submitted an "emergency affirmation" to the court in which he stated that no personal representative for Harry's estate had been ap-

pointed and that he had not been able to obtain an agreement from Neal and Laura concerning payment of estate taxes for Harry's estate. Later that month, Leinheardt requested filing extensions from federal and state tax authorities and paid estimated estate taxes out of the guardianship account. Leinheardt never moved for an order authorizing him to make such payments or seek such extensions. However, at a proceeding in June 2007, the court stated that it would issue an order authorizing, nunc pro tunc, Leinheardt's actions in connection with the estate taxes. In an order dated June 21, 2007 the court granted such authority to Leinheardt, nunc pro tunc, to January 11, 2007.

In May 2007, shortly after the court issued its order denying Laura's objections to Leinheardt's final account, Laura moved for an order, among other things, imposing surcharges upon Leinheardt for his alleged mismanagement as Harry's property guardian. In an order dated October 9, 2007 the court denied her motion.

Laura appeals from the order and judgment and the orders dated May 17, 2007, June 21, 2007, and October 9, 2007. Neal cross-appeals from the order dated May 17, 2007.

Laura's appeal from the order and judgment dated March 24, 2005 must be dismissed. No appeal lies from an order or judgment entered upon the consent of the appealing party, since a party who consents to an order or judgment is not aggrieved thereby (*see* CPLR 5511; *Matter of Shteierman v Shteierman,* 29 AD3d 810 [2006]; *Matter of Gittens v Chin-On,* 19 AD3d 596 [2005]), and the record reflects that Laura consented to the entry of the order and judgment.

In the order dated May 17, 2007 the court improperly denied Laura's objections to Leinheardt's final account without holding a hearing on her objection related to Leinheardt's management of Harry's assets and her request to surcharge Leinheardt in connection with this objection. Leinheardt's final account indicated that Harry's bond portfolio, which comprised almost all of his assets, had a market value which was lower than its "inventory value/tax basis" by more than $200,000 as of August 3, 2006. Through their submissions, Leinheardt and Laura presented sharply conflicting allegations as to the significance of the bond portfolio's apparent diminution in value and the prudence of Leinheardt's investment strategy. Since these submissions raised disputed issues of fact concerning Leinheardt's management of Harry's assets, the court should have held a hearing with respect to Laura's corresponding objection and her request to surcharge Leinheardt on the basis of that

objection (*see Matter of McCormick,* 220 AD2d 506, 508 [1995]). Therefore, we remit the matter to the Supreme Court, Queens County, for a hearing on Laura's objection to Leinheardt's management of Harry's assets and the related issue of whether to surcharge Leinheardt on the basis of that objection, and, if so, in what amount.

Laura's appeal from the order dated June 21, 2007, issued sua sponte, must be dismissed. No appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted (*see* CPLR 5701 [c]).

Laura's appeal from the order dated October 9, 2007 also must be dismissed. As limited by her brief, Laura has appealed only from so much of that order as denied that branch of her motion which was to surcharge Leinheardt based upon his alleged mismanagement of Harry's assets. As Laura sought identical relief on identical grounds through one of her objections, and alleged no new facts to support her mismanagement claim in her motion, that branch of her motion was, in effect, for leave to reargue (*see* CPLR 2221 [d]), the denial of which is not appealable (*see RCN Constr. Corp. v Fleet Bank, N.A.,* 34 AD3d 776, 778 [2006]).

The remaining contentions raised on the appeal and the cross appeal from the order dated May 17, 2007 are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.