Matter of Sung B.P. (Park) (2019 NY Slip Op 00441)





Matter of Sung B.P. (Park)


2019 NY Slip Op 00441


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-12689
 (Index No. 3075/17)

[*1]In the Matter of Sung B.P. (Anonymous), respondent; Soona Park (Anonymous), appellant.


Law Offices of Black & Black, PLLC, Huntington, NY (Bronwyn M. Black of counsel), for appellant.
Law Office of Therese Connors Ebarb, PLLC, Hauppauge, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Sung B. P., an alleged incapacitated person, the petitioner appeals from an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated October 17, 2017. The order, inter alia, dismissed the proceeding upon the petitioner's oral application to withdraw the petition.
ORDERED that the appeal is dismissed, with costs.
This proceeding pursuant to Mental Hygiene Law article 81 was dismissed by an order made upon the petitioner's oral application to withdraw the petition. "No appeal lies from an order or judgment entered upon the consent of the appealing party, since a party who consents to an order or judgment is not aggrieved thereby" (Matter of Harry Y., 62 AD3d 892, 894; see CPLR 5511; Matter of Shteierman v Shteierman, 29 AD3d 810; Matter of Fotiades, 6 AD3d 612). The petitioner is not aggrieved by the order, and therefore, has no right to appeal from the order. Contrary to the petitioner's contentions, the order did not exceed or differ from her application to withdraw the petition (cf. Adams v Genie Indus., Inc., 14 NY3d 535, 541; Silber v Silber, 204 AD2d 527, 528). Therefore, the appeal must be dismissed.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court