Bank of Am., N.A. v Unknown Heirs of the Estate of Hagglund (2021 NY Slip Op 08217)





Bank of Am., N.A. v Unknown Heirs of the Estate of Hagglund


2021 NY Slip Op 08217


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08853
 (Index No. 62351/14)

[*1]Bank of America, N.A., respondent, 
v
Unknown Heirs of the Estate of Hagglund, et al., defendants, "John Doe," et al., appellants.


John Sebastian Vaneria, New York, NY, for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bela Scott and Tamara Mebonia, sued herein as "John Doe" and "Jane Doe," appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 21, 2018. The order, insofar as appealed from, upon the Supreme Court's rejection as untimely of those defendants' opposition papers, granted those branches of the plaintiff's motion which were for summary judgment on the second amended complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference.
ORDERED that the appeal is dismissed, with costs.
In March 2014, the plaintiff commenced this action to foreclose on a mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the second amended complaint and for an order of reference. The defendants Bela Scott and Tamara Mebonia, who were sued herein as "John Doe" and "Jane Doe" and had joined issue in the action, attempted to file opposition papers, which were rejected as untimely by the plaintiff's counsel as well as by the Supreme Court. In an order dated May 21, 2018, the court granted the plaintiff's motion, in effect, upon Scott and Mebonia's default. Scott and Mebonia appeal.
"No appeal lies from an order or judgment entered upon the default of the appealing party" (Alvarez v Jawaid, 163 AD3d 746, 747; see CPLR 5511; Wells Fargo Bank, N.A. v Syed, 160 AD3d 914). On appeal, the appellants contend that the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the second amended complaint insofar as asserted against them, to strike their answer, and for an order of reference. However, the Supreme Court's disposition of those branches of the motion was entered upon the appellants' default. Accordingly, the appeal from the order dated May 21, 2018, must be dismissed.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court