HSBC Bank USA, N.A. v Epstein (2021 NY Slip Op 06166)





HSBC Bank USA, N.A. v Epstein


2021 NY Slip Op 06166


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-12605
 (Index No. 135135/14)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Richard Epstein, appellant, et al., defendants.


Michael P. Braunsberg, Staten Island, NY, for appellant.
Reed Smith LLP, New York, NY (Kerren B. Zinner and Andrew B. Messite of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Richard Epstein appeals from a judgment of foreclosure and sale of the Supreme Court, Richmond County (Desmond A. Green, J.), dated July 30, 2018. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.



DECISION & ORDER
Motion by the respondent to dismiss the appeal on the ground that no appeal lies from a judgment entered upon the default of the appealing party. By decision and order on motion dated April 16, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal is dismissed, with costs.
In this mortgage foreclosure action, the appellant failed to submit papers in opposition to the plaintiff's motion for a judgment of foreclosure and sale, and the motion was granted on default. No appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; Bank of Am., N.A. v Unknown Heirs of the Estate of Hagglund, 192 AD3d 855; Alvarez v Jawaid, 163 AD3d 746, 747). Since the judgment of foreclosure and sale was entered upon the appellant's default in opposing the motion, and the appellant has not raised any other issue which was the subject of contest in the Supreme Court, the appeal from the judgment of foreclosure and sale must be dismissed (see Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 914-915). The appellant's remedy under these circumstances is not an appeal but a motion to vacate the judgment pursuant to CPLR 5015 (see Helm v PHH Mtge. Corp., 193 AD3d 420, 420; Matter of Fotiades, 6 AD3d 612, 613; Glickman v Sami, 149 AD2d 458, 458-459).
CHAMBERS, J.P., MILLER, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court