Wells Fargo Bank, N.A. v Amiel (2021 NY Slip Op 06390)





Wells Fargo Bank, N.A. v Amiel


2021 NY Slip Op 06390


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-11885
 (Index No. 602418/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Marco Amiel, et al., appellants.


Thomas McShane, Lynbook, NY, for appellants.



DECISION & ORDER
In an action to recover on a promissory note, the defendants appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated August 20, 2018. The order denied the defendants' motion for leave to extend their time to file opposition papers to the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover on a promissory note. In February 2018, the plaintiff moved for summary judgment on the complaint. The return date for the motion was March 28, 2018. In July 2018, the defendants moved for leave to extend their time to file opposition papers to the plaintiff's motion. In an order dated July 17, 2018, the Supreme Court granted the plaintiff's unopposed motion for summary judgment on the complaint. In a subsequent order dated August 20, 2018, the court denied the defendants' motion for leave to extend their time to file opposition papers to the plaintiff's motion on the ground that the court had already decided the plaintiff's motion. The court noted that "[i]f the defendants want to move to vacate" the order dated July 17, 2018, "they may file the necessary motion for the Court's consideration." The defendants appeal.
On appeal, the defendants challenge the denial of their motion for leave to extend their time to file opposition papers to the plaintiff's motion for summary judgment. However, the plaintiff's motion for summary judgment was already decided by the order dated July 17, 2018. The defendants did not appeal from that order, nor would they have been able to do so, as that order was entered upon their default in opposing the plaintiff's motion for summary judgment (see CPLR 5511; Bank of Am., N.A. v Unknown Heirs of the Estate of Hagglund, 192 AD3d 855). The proper remedy for the defendants to seek relief from that order was to move to vacate the order (see Kastberg v JLM Land Dev. Corp., 280 AD2d 453). Since this Court has no basis on this appeal to review the order dated July 17, 2018, any determination as to whether the defendants are entitled to an extension of the time to file opposition papers to the plaintiff's motion for summary judgment would not result in "immediate and practical consequences to the parties" (Portofino Realty Corp. v New York State Div. of Hous. & Community Renewal, 193 AD3d 773, 775 [internal quotation marks omitted]).
Accordingly, the defendants' motion for leave to extend their time to file opposition papers to the plaintiff's motion for summary judgment was academic at the time the Supreme Court decided it, and thus, the court properly denied that motion.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court