Matter of Pedro G. T. (Pluchino) (2023 NY Slip Op 00324)

Matter of Pedro G. T. (Pluchino)

2023 NY Slip Op 00324

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2020-01901
2020-06985
 (Index No. 15054/08)

[*1]In the Matter of Pedro G. T. (Anonymous). Candice A. Pluchino, petitioner-respondent; Carolyn Sanchez, etc., objectant-appellant-respondent; Queens Nassau Nursing & Rehabilitation Center, objectant-respondent-appellant; Hanover Insurance Company, nonparty-respondent.

Carolyn Sanchez, Garden City, NY, objectant-appellant-respondent pro se.
Genser, Dubow, Genser & Cona, LLP, Melville, NY (Dana Walsh Sivak of counsel), for objectant-respondent-appellant.
Vivia L. Joseph, Cambria Heights, NY, for petitioner-respondent.
Frenkel Lambert Weiss Weisman & Gordon, LLP, New York, NY (Eric M. Eusanio of counsel), for nonparty-respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Candice A. Pluchino, guardian of the person and property of Pedro G.T., petitioned to settle the final account, Carolyn Sanchez, the administrator of the estate of Pedro G.T., appeals, and Queens Nassau Rehabilitation and Nursing Center cross-appeals, from (1) an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), dated January 16, 2020, and (2) an order of the same court dated August 21, 2020. The order dated January 16, 2020, insofar as appealed from, without a hearing, denied the objections of Carolyn Sanchez to the final account, in effect, granted Candice A. Pluchino's motion to settle the final account, and directed Candice A. Pluchino to submit a proposed order approving the final account. The order dated January 16, 2020, insofar as cross-appealed from, without a hearing, denied the objections of Queens Nassau Rehabilitation and Nursing Center to the final account, in effect, granted Candice A. Pluchino's motion to settle the final account, and directed Candice A. Pluchino to submit a proposed order approving the final account. The order dated August 21, 2020, insofar as appealed from, without a hearing, denied the objections of Carolyn Sanchez to the final account, granted Candice A. Pluchino's motion to settle the final account, judicially settled the final account, and awarded a commission and counsel fees to Candice A. Pluchino and counsel fees to Candice A. Pluchino's counsel. The order dated August 21, 2020, insofar as cross-appealed from, without a hearing, denied the objections of Queens Nassau Rehabilitation and Nursing Center to the final account, granted Candice A. Pluchino's motion to settle the final account, and judicially settled the final account.
ORDERED that the appeal and cross appeal from the order dated January 16, 2020, are dismissed, as the portions of that order appealed and cross-appealed from were superseded by the order dated August 21, 2020; and it is further,
ORDERED that the order dated August 21, 2020, is modified, on the law and the facts, (1) by deleting the provision thereof granting Candice A. Pluchino's motion to settle the final account, judicially settling the final account, and awarding a commission and counsel fees to Candice A. Pluchino and counsel fees to Candice A. Pluchino's counsel; (2) by deleting the provision thereof denying the objections of Carolyn Sanchez contending that Candice A. Pluchino breached her fiduciary duty by the mismanagement of assets; (3) by deleting the provision thereof denying the objection of Carolyn Sanchez to the award of a commission and counsel fees to Candice A. Pluchino and counsel fees to Candice A. Pluchino's counsel; and (4) by deleting the provision thereof denying the objections of Queens Nassau Nursing and Rehabilitation Center; as so modified, the order dated August 21, 2020, is affirmed insofar as appealed from, the order dated January 16, 2020, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to Queens Nassau Rehabilitation and Nursing Center, payable by Candice A. Pluchino personally.
In or about December 2015, Candice A. Pluchino (hereinafter the guardian), as the guardian of the person and property of Pedro G.T. (hereinafter the IP), petitioned and moved to settle her final account in this proceeding pursuant to Mental Hygiene Law article 81. The IP had suffered catastrophic brain injuries as a result of a fall on a construction site in 2008, and was subsequently admitted to Queens Nassau Nursing and Rehabilitation Center (hereinafter Queens Nassau). Initially, the costs of his care were paid by workers' compensation. However, after a personal injury action commenced on behalf of the IP was settled for $12 million, the guardian negotiated a purported letter agreement with Queens Nassau for a new daily rate for a five-year term which was to be privately paid. The IP died unexpectedly approximately three years after the letter agreement was purportedly executed. In her petition to settle the final account, the guardian contended, inter alia, that the letter agreement with Queens Nassau was null and void, and the guardian's final account did not include Queens Nassau's claim for unpaid services. The guardian further sought an award of a statutory commission and counsel fees. Queens Nassau filed objections to the final account wherein it asserted that the letter agreement was valid and argued that its claim for unpaid services should have been included in the guardian's final account. The administrator of the IP's estate filed objections asserting, inter alia, that the guardian was not entitled to a commission or attorneys' fees on the ground that the guardian had breached her fiduciary duty by, among other things, entering into the letter agreement with Queens Nassau without obtaining court approval and in mismanaging the IP's assets.
"A party who objects to a guardian's final account[ing] has the initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete" (Matter of Shauntray T. [Margaret T.], 176 AD3d 719, 719). "If the objections raise disputed issues of fact [concerning] the necessity of disbursements, reasonableness of fees, or management of assets, a hearing should be held" (Matter of George P. [Sherwood], 83 AD3d 1079, 1079). If the objectant meets her or his initial burden, the accounting party must prove by a preponderance of the evidence that the accounting is accurate and complete (see Matter of DiGiovanna, 148 AD3d 699, 700).
Here, the Supreme Court erred in denying Queens Nassau's objections to the guardian's failure to include in its final account Queens Nassau's claim for an alleged unpaid balance, without holding a hearing. In determining that the guardian did not have the authority to enter into the letter agreement without prior court approval, and that therefore, the agreement was a nullity and unenforceable, the court relied on an inapplicable provision of an order and judgment dated April 14, 2008, which appointed the guardian, regarding reimbursement to Medicaid. Moreover, the guardian had the authority to enter into the agreement without prior court approval, as provided for in various provisions of the order and judgment appointing the guardian. Pursuant to the order and judgment, the guardian had the authority, without prior court approval, to, inter alia, [*2]"make reasonable expenditures for the purpose of providing [the IP] with necessaries or preserving [his] property"; to pay for the IP's care and maintenance by paying "such bills as may be reasonably necessary to maintain [him]"; and to "provide for the maintenance, support and personal well-being of [the IP]." However, even though the guardian had the authority to enter into the purported agreement, Queens Nassau's objections raise disputed issues of fact concerning whether there actually is an enforceable agreement, including whether Queens Nassau had transmitted a signed copy of the agreement to the guardian, whether Queens Nassau made unilateral modifications to the agreement, and whether Queens Nassau is entitled to any recovery pursuant to the agreement, thus warranting a hearing (see Matter of George P. [Sherwood], 83 AD3d 1079; Matter of Harry Y., 62 AD3d 892, 894-895).
Similarly, the Supreme Court erred in denying the administrator's objections contending that the guardian breached her fiduciary duty by mismanaging the IP's assets, and the administrator's objections to the award of a commission and counsel fees to the guardian, without holding a hearing. Those objections and the guardian's response thereto raise disputed issues of fact as to whether the IP's assets were mismanaged, such that a hearing is warranted (see Matter of George P. [Sherwood], 83 AD3d 1079; Matter of Harry Y., 62 AD3d at 894-895). Therefore, we remit the matter to the Supreme Court, Queens County, for further proceedings consistent herewith, including determination regarding the counsel fees and a commission, if any, due to the guardian pursuant to Mental Hygiene Law § 81.28. While the Supreme Court has broad discretion in determining the reasonable amount to award as counsel fees in a guardianship proceeding (see Matter of Theodore T. [Charles T.], 78 AD3d 955, 957), based on this record there is insufficient evidence to support the award of counsel fees (see generally Matter of Charles F., 242 AD3d 297, 298). Therefore, we remit the matter to the Supreme Court, Queens County, for an appropriate determination.
The administrator's and Queens Nassau's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the matter must be remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, including a hearing on Queens Nassau's objections and the administrator's objections contending that the guardian breached her fiduciary duty by mismanaging the IP's assets and to the award of a commission and counsel fees to the guardian and counsel fees to the guardian's counsel, and a new determination thereafter of those objections and the guardian's motion to settle the final account.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court