Matter of Giuliana M. (DeCarolis) (2023 NY Slip Op 05262)

Matter of Giuliana M. (DeCarolis)

2023 NY Slip Op 05262

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2022-00515
2022-07494
 (Index No. 132653/18)

[*1]In the Matter of Giuliana M. (Anonymous).
and
Anthony DeCarolis, respondent; Joseph Oppedisano, etc., appellant.

McCoyd, Parkas & Ronan, LLP, Garden City, NY (Maria L. Johnson of counsel), for appellant.
Anthony DeCarolis, PLLC (Law Office of Steven Cohn, P.C., Carle Place, NY [Susan E. Dantzig], of counsel), for respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Anthony DeCarolis, guardian of the property of Giuliana M., moved to judicially settle his final account and for related relief, Joseph Oppedisano, as executor of the estate of Giuliana M., appeals from (1) an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), dated December 22, 2021, and (2) an order of the same court dated July 19, 2022. The order dated December 22, 2021, insofar as appealed from, without a hearing, denied the objections of Joseph Oppedisano as executor of the estate of Giuliana M. to the final account, in effect, granted those branches of the motion of Anthony DeCarolis which were to judicially settle his final account and for an award of fees and disbursements, and judicially settled the final account and awarded Anthony DeCarolis the sum of $32,159 for fees and disbursements. The order dated July 19, 2022, denied the motion of Joseph Oppedisano, as executor of the estate of Giuliana M., to vacate the order dated December 22, 2021, and his separate motion pursuant to CPLR 408 for disclosure.
ORDERED that the appeal from so much of the order dated July 19, 2022, as denied the motion of Joseph Oppedisano, as executor of the estate of Giuliana M., to vacate the order dated December 22, 2021, is dismissed as academic in light of our determination on the appeal from the order dated December 22, 2021; and it is further,
ORDERED that the order dated December 22, 2021, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,
ORDERED that the order dated July 19, 2022, is reversed insofar as reviewed, on the law, without costs or disbursements, and the motion of Joseph Oppedisano, as executor of the estate of Giuliana M., pursuant to CPLR 408 for disclosure is granted.
In or around April 2018, Joseph Oppedisano commenced this guardianship proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian of the person and property of Giuliana M., an alleged incapacitated person (hereinafter the decedent). In [*2]his petition, Oppedisano alleged, inter alia, that certain members of the decedent's family, including her niece, in whose favor the decedent had purportedly executed a power of attorney, had been misappropriating the decedent's property for their own benefit.
The Supreme Court appointed Anthony DeCarolis (hereinafter the guardian) as guardian of the decedent's property. As relevant herein, the court authorized the guardian, in connection with the marshaling of the decedent's assets, to conduct an investigation into the alleged misappropriation of the decedent's property and, if necessary, to commence a turnover proceeding pursuant to Mental Hygiene Law § 81.43. The decedent died on March 7, 2020. Oppedisano was named executor under the decedent's last will and testament, and the Surrogate's Court issued him letters testamentary.
In July 2021, the guardian moved in this proceeding, among other things, to judicially settle his final account and for an award of fees and disbursements. Oppedisano, as executor of the decedent's estate, filed objections to the final account, including the guardian's request for an award of fees and disbursements, and also sought to have the guardian surcharged based on, inter alia, the guardian's alleged failure to adequately investigate the alleged misappropriation of the decedent's assets. In an order dated December 22, 2021, the Supreme Court, without a hearing, denied the objections, in effect, granted those branches of the guardian's motion which were to judicially settle his final account and for an award of fees and disbursements, and judicially settled the final account and awarded the guardian the sum of $32,159 for fees and disbursements. Oppedisano appeals from the order dated December 22, 2021.
By notice dated December 23, 2021, Oppedisano moved pursuant to CPLR 408 for disclosure with regard to his objections. By notice dated January 6, 2022, Oppedisano moved pursuant to CPLR 5015(a)(3) or in the interest of justice to vacate the order dated December 22, 2021. In an order dated July 19, 2022, the Supreme Court denied the motion to vacate the order dated December 22, 2021, and the separate motion pursuant to CPLR 408 for disclosure. Oppedisano appeals from the order dated July 19, 2022.
An objectant to a guardian's final account "has the initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete" (Matter of Shauntray T., 176 AD3d 719, 719; see Matter of Pedro G.T., 212 AD3d 822, 825). If the objections raise disputed issues of fact regarding the necessity of disbursements, reasonableness of fees, or management of assets, then a hearing should be held (see Matter of Pedro G.T., 212 AD3d at 825; Matter of George P., 83 AD3d 1079, 1079).
Here, there are disputed issues of fact as to the accuracy and completeness of the guardian's final account, and whether the guardian failed to adequately investigate the alleged misappropriation of the decedent's assets and should be denied fees and/or surcharged for breaching his fiduciary duties. Under such circumstances, the Supreme Court erred in denying Oppedisano's objections to the guardian's final account without conducting a hearing (see Matter of Pedro G.T., 212 AD3d at 826; Matter of Harry Y., 62 AD3d 892, 894-895; Matter of Louis G., 39 AD3d 546, 547).
Pursuant to CPLR 408, leave of court generally is required for disclosure in a special proceeding (see id.). Insofar as discovery tends to prolong a case, and therefore is inconsistent with the summary nature of a special proceeding, such disclosure is granted only where it is demonstrated that there is need for such relief (see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs, 253 AD2d 8, 15). When leave of court is granted, disclosure takes place in accordance with CPLR 3101(a), which generally provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs, 253 AD2d at 15). The Court of Appeals has interpreted the phrase "material and necessary" liberally as requiring, upon request, disclosure "of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs, 253 AD2d at 15-16).
In general, the court has broad discretion in granting or denying disclosure (see Matter of Park Knoll Woners, Inc. v Park Knoll Assoc., 175 AD3d 1410, 1411; Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857). When deciding a motion for disclosure pursuant to CPLR 408, the court "must balance the needs of the party seeking discovery against such opposing interests as expediency and confidentiality" (Matter of Bramble v New York City Dept. of Educ., 125 AD3d at 857; see Matter of Town of Pleasant Valley v New York State Bd. of Real Prop. Servs, 253 AD2d at 16).
Here, Oppedisano demonstrated that the requested disclosure was material and necessary to establishing his objections that the guardian's final account was inaccurate and/or incomplete and that the guardian breached his fiduciary duties and should be denied fees and/or surcharged, and there was no contravening demonstration that the proposed discovery would be prejudicial or unduly burdensome, would violate confidentiality, or would unduly delay the case. Under such circumstances, the Supreme Court should have granted Oppedisano's motion pursuant to CPLR 408 for disclosure (see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs, 253 AD2d at 16).
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court