U.S. Bank Trust, N.A. v Johnson (2024 NY Slip Op 03841)

U.S. Bank Trust, N.A. v Johnson

2024 NY Slip Op 03841

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-00717
 (Index No. 611304/18)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Judith Johnson, etc., appellant, et al., defendant.

Valerie A. Hawkins, Hempstead, NY, for appellant.
Fein Such & Crane, LLP, Westbury, NY (Michael Hanusek of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a consolidated mortgage, the defendant Judith Johnson appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered December 22, 2021. The order granted the plaintiff's unopposed motion to resettle an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered December 10, 2019, by substituting the newspaper in which to give notice of sale pursuant to RPAPL 231 for another publication.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this action against the defendant Judith Johnson (hereinafter the defendant) and another defendant to foreclose a consolidated mortgage on certain real property located in Hempstead. By order and judgment of foreclosure and sale entered December 10, 2019, the Supreme Court, inter alia, directed the sale of the subject property. Thereafter, the plaintiff learned that the newspaper in which the court had ordered the notice of sale be published pursuant to RPAPL 231 was ceasing operations. Thereafter, the plaintiff moved to resettle the order and judgment of foreclosure and sale by substituting another publication in which to give notice of sale. The defendant did not oppose the plaintiff's motion. By order entered December 22, 2021, the court granted the motion. The defendant appeals.
It is axiomatic that "[n]o appeal lies from an order or judgment entered upon the default of the appealing party" (Alvarez v Jawaid, 163 AD3d 746, 747; see CPLR 5511; Bank of Am., N.A. v Unknown Heirs of the Estate of Hagglund, 192 AD3d 855; Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 914). Here, since the defendant did not oppose the plaintiff's motion to resettle the order and judgment of foreclosure and sale, her appeal from the postjudgment order granting the motion must be dismissed (see CPLR 5511; HSBC Bank USA, N.A. v Epstein, 199 AD3d 790, 790). Contrary to the defendant's contention, her appeal does not constitute an appeal from a final judgment and, therefore, does not bring up for review those matters which were the subject of contest before the Supreme Court (see CPLR 5501[a][1]; cf. Nationstar Mtge., LLC v Yarmosh, 208 AD3d 885, 885-886).
In light of the foregoing, the defendant's remaining contentions are rendered [*2]academic.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court