Matter of Matthew A. G. (2025 NY Slip Op 06060)

Matter of Matthew A. G.

2025 NY Slip Op 06060

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-01427
2024-02883
2024-02885
2024-02886
 (Index No. 31029/20)

[*1]In the Matter of Matthew A. G. (Anonymous), appellant. Steven Gaetano, et al., appellants; Maurice D. Williams, nonparty-respondent.

Higgins & Trippett LLP, New York, NY (Lewis P. Trippett of counsel), for appellant Matthew A. G.
Falcon Rappaport & Berkman LLP, Mount Kisco, NY (David Simon and Robert N. Zausmer of counsel), for appellants Steven Gaetano and Lore Gaetano.
Ledwidge and Associates, P.C., Jamaica Estates, NY (Joseph A. Ledwidge of counsel), for nonparty-respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, the petitioners appeal from (1) an order of the Supreme Court, Westchester County (Robert M. DiBella, J.), dated August 30, 2022, (2) an order of the same court dated January 27, 2023, (3) an order of the same court also dated January 27, 2023, and (4) an order of the same court (Michael G. Hayes, J.) dated October 11, 2023, and Matthew A. G. separately appeals from the order dated October 11, 2023. The order dated August 30, 2022, inter alia, confirmed a court examiner's 2021 annual report. The first order dated January 27, 2023, among other things, confirmed the court examiner's 2020 annual report. The second order dated January 27, 2023, insofar as appealed from, upon judicially settling the final account of Maurice D. Williams, awarded him compensation in the total sum of $30,673. The order dated October 11, 2023, denied the motion, purportedly made on behalf of Matthew A. G., to vacate the order dated August 30, 2022, and both orders dated January 27, 2023.
ORDERED that the appeals from the order dated August 30, 2022, and both orders dated January 27, 2023, are dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and leave to appeal has not been granted (see id. § 5701[c]); and it is further,
ORDERED that the appeal by the petitioners from the order dated October 11, 2023, is dismissed, without costs or disbursements, as the petitioners are not aggrieved by that order (see Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order dated October 11, 2023, is affirmed insofar as reviewed on the appeal by Matthew A. G., without costs or disbursements.
In 2020, the petitioners commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of their adult son, Matthew A. G. The Supreme Court appointed Mental Hygiene Legal Service (hereinafter MHLS) to represent Matthew A. G. After a hearing, the court, among other things, determined that Matthew A. G. was an incapacitated person in need of a guardian, appointed Maurice D. Williams as the guardian of the person and property of Matthew A. G., and directed that MHLS shall remain the attorney of record for Matthew A. G.
In February 2022, Walter J. Roesch IV, an attorney who purportedly was retained by Matthew A. G., moved to vacate (1) an order dated August 30, 2022, inter alia, confirming a court examiner's 2021 annual report and awarding Williams compensation for 2021, (2) an order dated January 27, 2023, among other things, confirming the court examiner's 2020 annual report and awarding Williams compensation for 2020, and (3) an order also dated January 27, 2023, inter alia, awarding Williams compensation in the total sum of $30,673. Williams opposed the motion. MHLS separately opposed the motion, contending, among other things, that the Supreme Court should determine whether Matthew A. G. freely and independently retained Roesch. In an order dated October 11, 2023, the court denied the motion Roesch made, purportedly on behalf of Matthew A. G., determining, inter alia, that Matthew A. G. did not retain Roesch freely and independently. Matthew A. G. appeals.
"An individual's right to select an attorney who he [or she] believes is most capable of providing competent representation implicates both the First Amendment guarantees of freedom of association and the Sixth Amendment right to counsel and will not yield unless confronted with some overriding competing public interest" (Matter of Abrams [John Anonymous], 62 NY2d 183, 196 [citations omitted]). Within the context of article 81 of the Mental Hygiene Law, an alleged incapacitated person may retain private counsel, and the courts are tasked with making an inquiry as to whether retained counsel was chosen freely and independently (see Mental Hygiene Law § 81.10[a]; Matter of St. Luke's-Roosevelt Hosp. Ctr. [Marie H.-City of New York], 89 NY2d 889, 891).
Applying those principles here, an incapacitated person may retain private counsel to challenge the guardian's compensation and final accounting (see generally Mental Hygiene Law § 81.35; Matter of Giuliana M. [DeCarolis], 220 AD3d 864, 866; Matter of Pedro G.T. [Pluchino], 212 AD3d 822, 825; Matter of Shauntray T. [Margaret T.], 176 AD3d 719, 719).
However, under the facts and circumstances of this case, the Supreme Court properly determined that Matthew A. G. did not retain Roesch freely and independently (see Mental Hygiene Law § 81.29[a]; Matter of Jessica L.M., 80 Misc 3d 833, 836 [Sur Ct, Suffolk County]). Accordingly, Roesch lacked the authority to move to vacate the order dated August 30, 2022, and both orders dated January 27, 2023, and the court properly denied the motion (see generally Hayden v Brown, 230 AD3d 657, 658).
In light of our determination, we do not address whether the motion Roesch made, purportedly on behalf of Matthew A. G., established that vacatur of the order dated August 30, 2022, and both orders dated January 27, 2023, was warranted.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court